IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DAVON MITCHELL SAXTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-133 |
| | ) | (Formerly CR 112-119) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, an inmate at the Fort Dix Federal Correctional Institution in New Jersey, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED** on the basis that it is successive and has not been authorized by the Eleventh Circuit Court of Appeals for consideration, and that this civil action be **CLOSED**.

I. **BACKGROUND**

On March 8, 2012, the grand jury in the Southern District of Georgia indicted Petitioner, along with three co-defendants, with participation in a conspiracy to rob commercial businesses. United States v. Saxton, CR 112-119, doc. no. 3 (S.D. Ga. Mar. 8, 2012) (hereinafter "CR 112-119"). Petitioner was charged in ten counts of the eleven-count indictment: one count of conspiracy to rob commercial businesses, in violation of 18 U.S.C.

§ 1951, one count of conspiracy to use firearms during violent crimes, in violation of 18 U.S.C. §§ 924(c) & (o), three counts of robbery of a commercial business, in violation of 18 U.S.C. § 1951, one count of attempted robbery of a commercial business, in violation of 18 U.S.C. § 1951, and four counts of using, carrying, and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). Id.

Petitioner originally requested and received court-appointed counsel under the Criminal Justice Act, but that appointment was terminated when Petitioner retained attorney David N. Ghazi to represent him on all charges. Id., doc. nos. 6, 41, 60. On September 21, 2012, pursuant to a negotiated plea agreement containing a broad appeal and collateral attack waiver provision, Petitioner pled guilty to two counts of using, carrying, and brandishing a firearm during a crime of violence. Id., doc. nos. 112-14. In relevant part, the plea agreement stated Petitioner waived his right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, unless his sentence exceeded certain narrow parameters. Id., doc. no. 114, p. 5.

On January 22, 2013, United States District Judge J. Randal Hall sentenced Petitioner to a total term of imprisonment of 290 months, a term that did not trigger any exception to the collateral attack waiver. Id., doc. nos. 114, 132-33. All other remaining counts against Petitioner were dismissed. Id., doc. no. 133. Petitioner did not file a direct appeal, but his first § 2255 motion was filed in this Court on January 30, 2014. See Saxton v. United States, CV 114-027, doc. no. 1 (S.D. Ga. Jan. 30, 2014) ("CV 114-027"). Petitioner challenged the validity of his plea agreement based on allegations of ineffective assistance of counsel. See generally id. Judge Hall denied the § 2255 motion, finding Petitioner entered a knowing and

voluntary guilty plea and enforcing the collateral attack waiver in the plea agreement. CV 114-027, doc. nos. 6, 8. Petitioner did not appeal that decision.

Petitioner signed his current § 2255 motion on August 2, 2016, and the Clerk of Court filed it on August 8, 2016. (Doc. no. 1, pp. 1, 14.) Petitioner asserts his due process rights were violated at sentencing because he was not able to seek a "minor role adjustment" under § 3B1.2 of the United States Sentencing Guidelines. (See generally doc. nos. 1, 2.) Petitioner does not acknowledge the collateral attack waiver in his plea agreement, and he argues his numerically second § 2255 motion is not "successive" within the meaning of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") because a change to the sentencing guidelines means his current claim was not previously available. (Doc. no. 2, pp. 2-3.)

## II. DISCUSSION

The § 2255 motion presently cannot be considered because of the successive motion restrictions enacted by AEDPA and now contained in 28 U.S.C. §§ 2255 and 2244(b). Section 2255 provides in relevant part:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(2). Section 2244, in turn, provides that prior to filing a successive petition in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C.

3

§ 2244(b)(3)(A); see also In re Joshua, 224 F.3d 1281, 1281 (11th Cir. 2000) (citing 28 U.S.C. §§ 2255 & 2244(b)(3)).

In Stewart v. United States, 646 F.3d 856, 865 (11th Cir. 2011), the court distinguished between numerically second § 2255 motions and those that were barred as second or successive, holding that the petitioner's numerically second motion was *not* second or successive because the claim asserted therein, improper sentencing as a career offender, was not yet ripe at the time of his first motion because the predicate state convictions had not yet been vacated. In doing so, the Stewart court cited to Leal Garcia v. Quarterman, 573 F.3d 214, 222 (5th Cir. 2009), noting that, like in that case, petitioner's motion fell within a "small subset of unavailable claims that must not be categorized as successive." Stewart, 646 F.3d at 863. The Stewart court further noted that the Fifth Circuit's approach in Leal Garcia "is consonant with the Supreme Court's reasoning in" Panetti v. Quarterman, 551 U.S. 930 (2007). Id. at 862.

Leal Garcia explained that "[n]ewly available claims based on new rules of constitutional law (made retroactive by the Supreme Court) are *successive* under § 2244(b)(2)(A): Indeed, this is the reason why authorization is needed to obtain review of a successive petition." Leal Garcia, 573 F.3d at 221 (emphasis in original). Indeed, AEDPA was specifically designed to protect against prisoners "repeatedly [attacking] the validity of their convictions and sentences" as "the legal landscape shifts." Id. at 221-22. Likewise, "claims based on a *factual* predicate not previously discoverable are successive," but if the alleged defect did not exist or did not ripen until after adjudication on the merits of the previous petition, *e.g.*, an order vacating a federal prisoner's predicate state convictions used to enhance the federal sentence, a claim may be part of a small subset of claims not

4

considered second or successive. Stewart, 646 F.3d at 863 (citing Leal Garcia, 573 F.3d at 221, 222).

Here, Petitioner has previously filed a § 2255 motion that was denied as barred by a collateral attack waiver in the plea agreement. See CV 104-027, doc. nos. 6, 8.[1] No intervening *factual* defect has come into existence and caused Petitioner's claim to ripen in the time between Petitioner's first motion and the instant motion. See Boyd v. United States, 754 F.3d 1298, 1302 (11th Cir. 2014). To the contrary, Petitioner asserts he is basing his claim on a *legal* argument which only became available when the sentencing guidelines changed. Such a request is properly classified as "second or successive" in the sense contemplated by § 2255.

Petitioner's reliance on non-binding case law from primarily the Second and Ninth Circuits misses the mark not only because the cases lack precedential value in the Eleventh Circuit, but the cases are distinguishable on their facts. For example, in Vasquez v. Parrott, 318 F.3d 387, 390-91 (2d Cir. 2003), a state prisoner was not required to obtain permission to file a numerically second petition challenging his conviction because his first petition challenged the delay in adjudicating a direct appeal of the state conviction, while the second petition challenged the conviction itself. In the one Eleventh Circuit case cited by Petitioner, the numerically second petition was not successive because as a result of the first motion, the petitioner was re-sentenced, and therefore the second motion filed after the re-sentencing - concerning issues at that new proceeding and not the original one - was not successive. In re Green, 215 F.3d 1195, 1196 (11th Cir. 2000). Here, however, Petitioner is attempting to mount a second challenge to his original proceedings. The intervening change identified by

---

[1] A court may take judicial notice of its own records. United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987).

5

Petitioner is a change external to his case, *i.e.*, a change to the sentencing guidelines which he believes should be retroactively applied to reduce his sentence. Under the Eleventh Circuit case law set forth above, his motion is "second or successive," and he must obtain authorization from the Court of Appeals to file it.

Even if the Court were to assume for the sake of argument the collateral attack waiver in Petitioner's plea agreement, already ruled valid in the first § 2255 proceedings, did not bar his current motion, because Petitioner has not yet received authorization from the Eleventh Circuit to file a second or successive § 2255 motion, this Court lacks jurisdiction to consider Petitioner's current motion. See Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997) (determining that "the district court lacked jurisdiction to consider Appellant Hill's request for relief because Hill had not applied to this Court for permission to file a second habeas petition").

### III. CONCLUSION

Based on an initial review of the motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED** on the basis that it is successive and has not been authorized by the Eleventh Circuit Court of Appeals for consideration, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 18th day of August, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA