IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DAVON MITCHELL SAXTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-133 |
| | ) | (Formerly CR 112-119) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 7). The Magistrate Judge recommended dismissal of the motion filed pursuant to 28 U.S.C. § 2255 on the basis that it is successive and has not been authorized by the Eleventh Circuit Court of Appeals for consideration. (See doc. no. 3.) Nothing in Petitioner's objections undermines the Magistrate Judge's recommendation, and only one objection warrants further comment.

Petitioner objects to the characterization of his claim that he was not able to seek a "minor-role adjustment" under U.S.S.G. § 3B1.2 as a claim based on "a change to the sentencing guidelines which he believes should be retroactively applied to reduce his sentence." (Doc. no. 7, pp. 5-6 (citing doc. no. 3, p. 6).) According to Petitioner, he does not need authorization from the Eleventh Circuit to file his numerically second § 2255 motion because there was no "change," but rather a "clarification," to § 3B1.2, and courts have ruled

a clarifying amendment should apply in collateral proceedings. Petitioner's argument is without merit because the clarification does not excuse him from needing authorization from the Eleventh Circuit to file his current § 2255 motion.

In any event, even if the Court were authorized to consider Petitioner's claim, it would afford him no relief. Amendment 794 made no substantive change to U.S.S.G. § 3B1.2. Rather, it merely "clarified the factors to consider for a minor-role adjustment." United States v. Cruickshank, -F.3d-, No. 14-13754, 2016 WL 5075936, at *7 (11th Cir. Sept. 20, 2016); United States v. Casas, 632 F. App'x 1003, 1004 (11th Cir. 2015). Indeed, the Sentencing Commission specifically explained that Amendment 794 is intended only as a clarifying amendment. U.S.S.G. Supp. App. C, Amend. 794 (Reason for Amend.) ("This amendment provides additional guidance to sentencing courts in determining whether a mitigating role adjustment applies."). Thus, as a threshold matter, the Court would have to decide "whether [Petitioner's] claim that his sentence is contrary to a subsequently enacted clarifying amendment is cognizable under § 2255." Burke v. United States, 152 F.3d 1329, 1331 (11th Cir. 1998).

A comparison of the circumstance of Burke and this case confirms relief would not be not available to Petitioner in a § 2255 proceeding. In both cases, the petitioners did not appeal. Id. at 1331. After sentencing, the Sentencing Commission added a clarifying amendment to the Guidelines, and the petitioners moved under § 2255 to modify their sentences based on the change. Id. Yet because "§ 2255 is not a substitute for direct appeal," nonconstitutional claims such as clarifying amendments to the Guidelines "can be raised on collateral review only when the alleged error constitutes a 'fundamental defect

2

which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demand of fair procedure.'" Id. (quoting Reed v. Farley, 512 U.S. 339, 348 (1994)).

Because Amendment 794 is a clarifying amendment resulting in no change to the substantive law, Petitioner had the opportunity to challenge the denial of a minor-role adjustment at his original sentencing and on direct appeal, id. at 1332, but he did not. The record does not reflect any written objection to the Guidelines sentence calculation, and only small adjustments were made to the Presentence Investigation Report ("PSI") prior to sentencing, adding information to two paragraphs of the PSI regarding offense behavior that was not part of relevant conduct. PSI ¶¶ 24, 25; Def.'s Obj. to PSI; CR 112-119, doc. no. 150, Sent. Tr., pp. 3-4. The PSI clearly delineated no adjustment for Petitioner's role in the offense, and in fact explained, as did the Court at sentencing, that the Total Offense Level did not apply because Petitioner's sentence for his two counts of conviction under 18 U.S.C. § 924(c)(A)(ii) was mandated by statute. PSI ¶¶ 23, 54, 55; Sent. Tr., p. 5. "Considering all of the circumstances, [the Court] cannot say that the alleged misapplication of the sentencing guidelines in this case was fundamentally unfair or that it constituted a miscarriage of justice sufficient to form the basis for collateral relief." Burke, 152 F.3d at 1332.

The case cited by Petitioner out of the Ninth Circuit in his § 2255 motion, United States v. Quintero-Leyva, 823 F.3d 519 (9th Cir. 2016), is of no help not only because it is non-binding case law outside of the Eleventh Circuit, but also because it held that Amendment 794 may be applied retroactively to direct appeals. 823 F.3d at 522-23. Likewise, the Eleventh Circuit cases cited in the objections stand only for the proposition

that a clarifying amendment should be applied on direct appeal, United States v. Jerchower, 631 F.3d 1181, 1184 (11th Cir. 2011), or that a clarifying amendment may be applied in collateral proceedings if there is a showing of a "complete miscarriage of justice." United States v. Armstrong, 347 F.3d 905, 908 (11th Cir. 2003) (citing Burke, 152 F.3d at 1332). However, as discussed above, Petitioner's claim falls short under the Burke complete miscarriage of justice analysis.

There is no authority that Amendment 794 may be applied in this post-conviction context. Moreover, the conclusion reached by the Court herein is consistent with other decisions from the Southern District of Georgia. See Jacobs v. United States, Nos. CV 416-216 / CR 414-343, 2016 WL 4183312 (S.D. Ga. Aug. 5, 2016), *adopted by* CV 416-216, doc. no. 4 (S.D. Ga. Aug. 24, 2016) (Bowen, J.); Knight v. United States, CV 616-102 / CR 609-048, 2016 WL 4082701 (S.D. Ga. July 29, 2016), *adopted by* CV 616-102, doc. no. 4 (S.D. Ga. Aug. 19, 2016) (Wood, C.J.). Thus, even if Petitioner's sentence was not mandated by statute and a minor-role adjustment under the Guidelines might have some relevance to the sentence calculation, Petitioner would not be entitled to the relief he seeks.

Accordingly, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, and **DISMISSES** the § 2255 motion on the basis that it is successive and has not been authorized by the Eleventh Circuit Court of Appeals for consideration.

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules

Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action.

SO ORDERED this 13th day of October, 2016, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.